IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCUS A. ROBINSON : CIVIL ACTION
:
v. :
:
PARK PLAZA CONDO ASSOC : NO. 17-3883

**MEMORANDUM**

GOLDBERG, J. SEPTEMBER 20, 2017

Plaintiff Marcus A. Robinson brings this civil action against Park Plaza Condo Association ("Park Plaza") based on the fact that the condo association successfully evicted him from his home. Plaintiff seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

Plaintiff alleges that Park Plaza filed a "landlord tenant case" against him, "secured a court order restricting [his] movement in [his] own building," and ultimately "evict[ed] and eject[ed] [him] from [his] home which is solely owned by [his] mother." (Compl. at 3.) Plaintiff filed this civil action against Park Plaza alleging that several of his constitutional rights have been violated because he was not given a fair trial. He asks the Court to enjoin Park Plaza from evicting him pursuant to the state court's order, and to essentially prohibit the state court's order from going into effect.

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of pre-paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As plaintiff is

1

proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Plaintiff, who lost in state court, filed this action seeking reversal of the state court's judgment because of injuries caused by that judgment. Accordingly, the Court lacks subject matter jurisdiction over this case because plaintiff is essentially seeking to appeal a judgment entered against him in state court.

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.